UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN LASH and TRAVIS CRAIN,

    Plaintiffs,

    v.

CUPERTINO ELECTRIC, INC.,

    Defendant.

Case No. 25-2249-JWB-ADM

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Cupertino Electric, Inc.'s ("Cupertino") Motion to Stay All Pretrial Proceedings. (ECF 22.) By way of this motion, Cupertino asks the court to stay all pretrial proceedings, including discovery and entry of any pretrial order, until the court decides Cupertino's pending motion to dismiss (ECF 11) or any motion to dismiss subsequently filed should plaintiffs Adrian Lash and Travis Crain (collectively, "plaintiffs") be granted leave to amend their complaint. Plaintiffs oppose the requested stay. For the reasons discussed below, the court denies the motion to stay.

**I.    BACKGROUND**

On May 5, 2025, plaintiffs filed this action asserting claims related to Cupertino's termination of plaintiffs' employment and alleged failure to pay earned annual bonuses to them. (ECF 1.) On June 20, Cupertino moved to dismiss the complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted, contending that (1) the complaint fails to allege facts sufficient to satisfy the amount-in-controversy requirement, and thus does not establish diversity jurisdiction; and (2) the complaint lacks sufficient factual

1

allegations to state a facially plausible claim for relief. (ECF 11, 12.) On July 11, plaintiffs filed a consolidated motion to amend their complaint and response to Cupertino's motion to dismiss, contending that their proposed amended complaint remedies the deficiency regarding the amount in controversy and arguing that they have sufficiently pleaded a valid claim for relief with respect to each count in the complaint. (ECF 14, 15.) On August 18, Cupertino filed the current motion to stay discovery pending the court's ruling on the motion to dismiss. (ECF 17.) The court convened two scheduling conferences and entered a scheduling order on August 20. (ECF 21, 23, 24.) On August 22, plaintiffs filed a response opposing the motion to stay discovery. (ECF 25.)

## II.     LEGAL STANDARD

The court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("The district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." (citation modified)). Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1); s*ee also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) (discussing Rule 26(c)). Stays are disfavored, however, because they "can delay a timely resolution of the action." *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *1 (D. Kan. Apr. 10, 2020). Further, "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

With these considerations in mind, this district has adopted a longstanding policy not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Tomes v. Loancare, LLC*, No. 2:22-cv-02421-JWB-KGG, 2023 WL 2784844, at *2 (D. Kan. Apr. 5, 2023) ("The district of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion."). "[B]are assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Cont'l Ill.*, 130 F.R.D. at 148. A stay *may* be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Myles v. Walmart, Inc.*, No. 22-4069-DDC-ADM, 2023 WL 1469456, at *1-*2 (D. Kan. Feb. 2, 2023). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay.").

### III.    ANALYSIS

Cupertino asserts that a stay is appropriate here because the court should ensure it has "a proper statutory or constitutional basis to exercise jurisdiction before entering any pretrial orders" and staying the litigation would ensure that plaintiffs cannot "fish for the solid factual basis upon which they may assert claims" when such information should have been included on the face of the complaint. (ECF 22, at 3-4 (citing *Coates v. Ashley Bldg. Corp., Inc.*, No. 23-2142-HLT-ADM, 2023 WL 6199732, at *3, *4 (D. Kan. Sept. 22, 2023)).) Cupertino also argues that

3

"'discovery on all issues posed by the complaint would be wasteful and burdensome' where a pending motion to dismiss may narrow—or eliminate—claims." (*Id.* at 4 (quoting *Coates*).) Finally, Cupertino asserts that requiring it "to produce confidential and commercially sensitive information, particularly before the Court has confirmed subject matter jurisdiction or the sufficiency of the Complaint, would impose an undue and unnecessary burden." (*Id.*)

The court has reviewed the briefing on the pending dispositive motion.  First, with respect to Cupertino's jurisdictional arguments, plaintiffs' response asserts a viable counter argument—that the amount in controversy requirement is met because the complaint alleges that "the amount in controversy exceeds $75,000, exclusive of interest and costs" and because plaintiffs' proposed amended complaint clarifies that plaintiffs were each entitled to $65,000 in bonus compensation, as well as a portion of their base salaries which had accrued due to nonpayment, in excess of $10,000 apiece.  (ECF 15, at 2, 4-5; *see also* ECF 14-1 ¶ 23 (alleging plaintiffs "are entitled to recover unpaid wages, waiting time penalties, statutory damages, restitution under the UCL, and attorneys' fees under Labor Code § 218.5" for Count I); ECF 14-1 ¶¶ 28, 33, 39, 44 (alleging plaintiffs "have suffered financial losses in the form of earned bonuses, front and back wages, interest and costs" for Counts II-V).)  Second, with respect to each of Cupertino's arguments for dismissal under Fed. R. Civ. P. 12(b)(6), plaintiffs' response also asserts viable counter arguments. (ECF 15, at 5-9.)  Thus, the court is not persuaded that this case is likely to be fully resolved via the pending motion to dismiss, at least not any more so than when reviewing motions to dismiss filed in other cases.  The court does not presume to predict how the district judge will rule, but plaintiffs raise what appear to be legitimate arguments against dismissal at the pleading stage. Quite simply, the pending motion to dismiss does not appear to be any more meritorious (and hence likely to end the case) than motions to dismiss regularly filed in this court.  In view of the

above, the court cannot conclude that the case is *likely* to be resolved upon the district judge's ruling. *See Green v. Blake*, No. 18-2247-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020) (declining to stay discovery where the outcome of the defendants' pending dispositive motion was unclear).

Cupertino also has not demonstrated that participating in discovery at this procedural juncture would be wasteful or burdensome enough to justify a stay. "That litigation requires time and resources from the parties does not justify, on its own, a discovery stay." *Id.* at *2. Although Cupertino asserts that discovery will "impose an undue and unnecessary burdensome," the burden is purely speculative at this juncture.

In sum, Cupertino has not met its burden to demonstrate that this is an exceptional case warranting a discovery stay. Plaintiffs filed this action nearly four months ago, and they have a right to see it proceed in a timely manner, absent a strong showing by the movant. For the reasons discussed above, the court denies Cupertino's motion to stay.

**IT IS THEREFORE ORDERED** that Cupertino's Motion to Stay All Pretrial Proceedings (ECF 22) is denied.

Dated August 29, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge