IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN LASH and TRAVIS CRAIN,

        Plaintiffs,

v.                                                                 Case No.  25-cv-2249-JWB

CUPERTINO ELECTRIC, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss and Plaintiffs' motion to amend their complaint. (Docs. 11, 14.) The motions are fully briefed and ripe for decision. (Docs. 12, 14, 15, 18.)[1] Plaintiffs' motion to amend is granted and Defendant's motion to dismiss is denied as moot for the reasons stated herein.

**I.     Facts**

The following facts are taken from the allegations in Plaintiffs' complaint. (Doc. 1.) Plaintiff Adrian Lash and Plaintiff Travis Crain were both hired in March 2024 by Defendant Cupertino Electric, Inc. ("CEI") to be Project Managers on a De Soto, Kansas, data center project. (*Id*. at 2.) As part of their compensation, both were hired at a base salary of $160,000 per year along with a "data center division compensation plan," which provided an annual bonus to be paid out on March 15, 2025. (*Id*.) This bonus was conditioned on being actively employed by CEI on the date of the payout. (*Id*. at 3.) Plaintiffs worked in these positions until March 12, 2025, when they were both allegedly terminated without cause or for reasons which they claim are merely

---

[1] Plaintiffs did not file a reply regarding the motion to amend their complaint and the time for doing so has now passed.

1

y

pretextual. Plaintiffs allege that this action was a bad-faith effort by CUI to avoid paying them the bonuses that they had earned working for CEI for the entire year. (*Id*.)

As a result, Plaintiffs filed this present matter on May 5, 2025, alleging that CEI violated California Labor Code laws along with other counts of breach of contract, breach of the implied covenant of good faith and fair dealing, quantum merit (in the alternative), unjust enrichment, and an additional count to force accounting. On June 20, 2025, Defendant filed a motion to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6), arguing that the complaint not only fails to allege facts sufficient to satisfy the amount-in-controversy requirement, but also lacks sufficient factual allegations to state a facially plausible claim for relief. (Docs. 11, 12.) In response, Plaintiffs moved to amend their complaint under Rule 15(a)(2) on July 11, 2025, with Plaintiffs "admit[ting] that the Complaint was deficient in that it failed to directly address the amount in controversy requirement with specific facts" (Doc. 14 at 1) and alleging that a factual basis for jurisdiction exists because "Plaintiffs were each respectively entitled to sixty-five thousand dollars ($65,000.00) in bonus compensation, as well as a portion of their base salaries which had accrued due to nonpayment, in excess of ten thousand dollars ($10,000.00) apiece." (*Id*. at 2.) Defendant opposes this amendment because they believe the proposed amended complaint does not cure the alleged deficiencies. (Doc. 18.)

**II.     Standard**

Rule 15 governs amendments to pleadings, which includes complaints. *See* Fed. R. Civ. P. 15. "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Courts "should freely grant leave when justice so requires." *Id*. The rule's purpose "is to provide litigants the maximum opportunity for

each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

**III.    Analysis**

Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion. *See Minter*, 451 F.3d at 1204. In bringing their motion to amend their complaint, Plaintiffs rely on Rule 15(a)(2) for justifying their amendments; however, the current motion to amend is more properly evaluated under Rule 15(a)(1)(B).[2] This is because Plaintiffs are moving to amend their compliant in response to a defense motion filed under Rule 12(b). Therefore, Plaintiffs are entitled to one amendment of their complaint as a matter of course if it is done within 21 days of service of the motion to dismiss. Defendant's motion to dismiss was filed on June 20, 2025, and Plaintiffs' motion to amend was filed on July 11, 2025, which is exactly 21 days after the motion to dismiss was filed. Therefore, Plaintiffs are entitled to one amendment of their pleading as a matter of course and the court must grant their motion to amend as a result. Insofar as Plaintiffs' motion to amend is brought under Rule 15(a)(2), the court is instructed to "freely give leave" to amend "when justice so requires." Given that Plaintiffs are entitled to an amendment as a matter of course under Rule 15(a)(1)(B), the court grants the motion to amend. Plaintiffs are directed to file their new complaint no later than October 13, 2025.

---

[2] Rule 15(a)(1) states:
> "Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
> . . .
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Moving to Defendant's motion to dismiss, an "amended complaint moots any motion to dismiss directed at the original complaint." *Kansas v. Biden*, No. 24-1057-DDC-ADM, 2024 WL 2321096, at *1 (D. Kan. May 22, 2024). This is because an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). Therefore, since the court has granted Plaintiffs' motion to amend, Defendant's motion to dismiss under Rule 12(b)(1) and Rule 12(B)(6) is denied as moot. Defendant shall either respond to the amended complaint or file a new motion to dismiss in response to the amended complaint.

### IV. Conclusion

Plaintiffs' motion to file an amended complaint (Doc. 14) is GRANTED. Plaintiffs are directed to file their new complaint no later than October 13, 2025. In light of the court granting Plaintiffs' motion to file an amended complaint, Defendant's motion to dismiss (Doc. 11) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 6th day of October, 2025.

    s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE